SEARS, ROEBUCK & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33065. Promulgated October 11, 1929.

*J. R. Sherrod, Esq.,* and *George Wolcott, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

SMITH: On July 25, 1929, counsel for the petitioner filed a motion to have the Board determine whether it has jurisdiction to determine the correct tax liability of the petitioner for 1917. This motion was for the purpose of saving the petitioner an unnecessary charge for interest with respect to an unpaid assessment for 1917 in case the Board should hold that it had no jurisdiction with respect to the tax liability for that year and to save petitioner the trouble and expense of submitting proof with respect to its contentions for the year 1917.

The petitioner duly filed a return for the calendar year 1917, disclosing a total tax liability of $3,840,364.71. This amount was assessed in the Commissioner's assessment list of February, 1918, page 520, line 14, and the amount so assessed was paid by the petitioner, with the exception of an amount of $62,007.55 in respect of which an abatement claim was filed. This abatement claim was allowed on April 16, 1921. Thereafter the Commissioner made an additional assessment for 1917 of $637,178.47, which was assessed against the petitioner in the Commissioner's assessment list of July, 1921, page 126, line 3. The petitioner did not pay and has not paid any part of this additional assessment but on or about September 14, 1921, filed with the Commissioner a claim for credit in respect of the same, claiming as the basis therefor that it was entitled to a refund of $820,864.32 for the calendar year 1918.

On November 17, 1927, the Commissioner sent a letter to the petitioner, which reads in part as follows:

An examination of your income tax returns and of your books of account and records for the years 1917 to 1919, inclusive, discloses an additional tax liability for the years 1918 and 1919 aggregating $2,468,473.71 and an over-assessment for the year 1917 of $146,818.65.

In accordance with the provisions of Section 274 of the Revenue Act of 1926, you are allowed 60 days from the date of mailing of this letter within which to file a petition for the redetermination of this deficiency. Any such petition must be addressed to the United States Board of Tax Appeals, Earle Building, Washington, D. C., and must be mailed in time to reach the Board within the 60-day period, not counting Sunday as the sixtieth day.

In this letter the Commissioner determined a total tax liability for the year 1917 of $4,268,716.98 and by the following computation found an overassessment for the year 1917 of $146,818.65:

| | | |
|---|---:|---:|
| Total tax liability | | $4,268,716.98 |
| Previously assessed: | | |
| February, 1918, page 520, line 14 | $3,840,364.71 | |
| July, 1921, page 126, line 3 | 637,178.47 | |
| | 4,477,543.18 | |
| Less: Claim for abatement allowed April 16, 1921 | 62,007.55 | |
| | | 4,415,535.63 |
| | | 146,818.65 |

When the petition herein was filed, the petitioner's counsel were of the opinion that jurisdiction of the year 1917 was conferred upon the Board by the provisions of section 283(e) of the Revenue Act of 1926. Since the filing of the petition some doubts have arisen in the minds of petitioner's counsel as to whether the Commissioner's determination with respect to the year 1917 constituted a determination of a " deficiency " as defined in section 273 of the Revenue Act of 1926.

Section 273 of the Revenue Act of 1926, so far as here pertinent, provides as follows:

As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax * * *.

Section 283(e) of the Revenue Act of 1926 provides:

(e) If any deficiency in any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before the date of the enactment of this Act, and if the Commissioner, after the enactment of this Act, finally determines the amount of the deficiency, he is authorized to send by registered mail to the person liable for such tax notice of such deficiency, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. In the case of any such final determination the amount of the tax (whether deficiency or interest, penalty, or other addition to the tax) shall, except as provided in subdivision (h) of this section, be computed as if this Act had not been enacted, but the amount so computed shall be collected and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand, and the provisions relating to claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in section 277 of this Act and in subdivision (i) of this section.

At the hearing of this motion counsel for the petitioner stated:

There are two possible view-points. The petitioner is not taking any position in the matter. The doubt is caused by section 283(e) of the Revenue Act of 1926, on account of the specific wording of that Act * * *.

* * * * * * *

Now, looking at that subdivision, the bare wording of it, it might appear that, without referring back to the definition of " deficiency ", if the additional tax was determined after June 3, 1924, and the Commissioner sent out the letter, the taxpayer had a right to appeal to the Board, since they do use the word " deficiency " in that section.

Another doubt arises, though whether we do not have to go back to the definition of "deficiency" in section 273 of the 1926 Act, * * *.

Now, then, if we are confined to that definition of "deficiency", it might appear that all the tax shown on the 1917 return not abated, nor the protest made at the time of filing was finally determined, would be due when the Commissioner made the assessment, when it was not so shown on the return; and that the mere filing of the claim for credit, saying in effect that the 1917 tax is all right, but we have a refund coming in for 1918, does not hold open the final determination until that claim for credit is acted upon, as it was in the final deficiency letter.

When the Internal Revenue Bill of 1926, which later became the Revenue Act of 1926, was introduced into the Senate, the Finance Committee stated:

Section 283 (e) covers cases where a deficiency in income, war-profits, or excess-profits taxes under the revenue acts of 1916, 1917, 1918, or 1921 was assessed before the enactment of the revenue act of 1924, but was not paid in full before the passage of this bill, and where the commissioner, after the passage of this bill, finally determines the amount of the deficiency. In such cases the collection of the deficiency is to be made in exactly the same manner as provided for in case of income taxes imposed by this bill; that is, the commissioner can take no steps until he has sent a deficiency letter, thus giving the taxpayer an opportunity to have the case tried before the board and appellate courts.

In view of this explanation of the intendment of Congress, we are of the opinion that the term "deficiency" as used in section 283 (e) of the Revenue Act of 1926 includes any deficiency in tax assessed prior to June 3, 1924, which was not paid in full before that date, which was the effective date of the Revenue Act of 1924. In such case the Commissioner is authorized to send by registered mail to the person liable for such tax notice of such deficiency, which is, for the purposes of this Act, to be considered a notice under subdivision (a) of section 274 of the Act. The respondent has so construed the law in this proceeding and has advised the petitioner in his deficiency notice of November 17, 1927, that he has the right of appeal to this Board with respect to the determination of an uncollected deficiency assessed for the year 1917. We are of the opinion that the Board has jurisdiction of the proceeding for the purpose of determining the correct tax liability for 1917.

The proceeding will be restored to the calendar for hearing on the merits in due course.

Reviewed by the Board.

GREEN and MURDOCK dissent.